**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doris Ann Randall,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Social Security Administration Commissioner,<br><br>　　　　　Defendant. | No. CV-13-02025-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion Pursuant to FRCP 59(e) to Amend or Alter Judgment (Doc. 26). Defendant filed a response (Doc. 29). The time for Plaintiff to file a reply has expired, and no reply has been filed.

Plaintiff contends that, under Social Security Administration policy, the administrative law judge ("ALJ") was required to either include in the residual functional capacity assessment a hand use limitation because Plaintiff uses an assistive device or discuss why a hand use limitation was not included. Social Security Ruling 96-9p requires an ALJ to consider the use of a "medically required hand-held assistive device." However:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

It does not appear that Plaintiff asserted to the ALJ that her use of a cane or walker was medically required. But if she did, she bore the burden of providing medical documentation establishing the need. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R §§ 404.1545(a)(3), 416.945(a)(3) (claimant is generally responsible for providing the evidence regarding residual functional capacity). If a claimant has not presented evidence to support a limitation, the ALJ is not required to include it in the hypothetical proposed to a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001).

Plaintiff testified that she was able to quit using a walker in May 2011 two months after her left knee surgery and that she began using a cane in August 2011 because her right knee had become worse. She said she went back to using a walker in January or February 2012 while she delayed her right knee surgery because of family issues. She said she had right knee surgery in April 2012. She appeared at the administrative hearing in May 2012 using a walker. All of her testimony regarding use of a cane or walker was in the context of her knee pain and knee surgeries. When her attorney asked if she used any kind of assistive devices, Plaintiff said she used a shower bench to get into and out of the bathtub. Plaintiff did not allege that her neuropathy required her to use an assistive device. She did not testify that she had required an assistive device for standing and/or walking continuously since her alleged date of disability onset (April 2010), nor did she say she expected to need an assistive device when she recovered from her recent knee surgery. At the administrative hearing, Plaintiff's attorney questioned the vocational expert, but did not pose any hypothetical including use of a cane or walker.

In her opening brief on appeal, Plaintiff said "a number of medical exhibits" confirmed her testimony that she uses an assistive device, but she cited only generally to T "16 (the consultative examination report)" and T "17 (treating source records)," without identifying specific pages. Treating source records mention Plaintiff using a cane, but do not state that one was prescribed or is medically required. On May 3, 2011, her physical therapist noted that Plaintiff did not need any ambulatory aids. The

consultative examination report by Dr. Ottney states: "Claimant ambulates with the use of a cane, but she can ambulate without the use of a cane today." Dr. Ottney also reported that Plaintiff said she uses a cane for balance, but it had never been prescribed. Upon examination, Dr. Ottney observed Plaintiff's balance and coordination were normal and Plaintiff ambulated with a normal gait.

The ALJ noted that Plaintiff "indicated that she used a walker and/or cane on and off since her knee surgeries." The ALJ also noted records showing Plaintiff's improvement after both knee replacement surgeries, cortisone injections, and physical therapy and showing Plaintiff reported that she was feeling better and was not taking pain medication. These statements are supported by substantial evidence. Nothing in the record indicates a basis for the ALJ to question whether Plaintiff might need a hand-held assistive device to aid in walking or standing when she fully recovered from the recent right knee surgery.

Because Plaintiff did not present medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, there was no basis for the ALJ to find that a hand-held assistive device was medically required. If it was not medically required, the ALJ was not required to consider whether a hand-held assistive device limited Plaintiff's functional capacity. The ALJ did not err by not discussing the absence of evidence to support finding that a hand-held assistive device was medically required or the reasons for not including a related limitation in the residual functional capacity assessment.

IT IS THEREFORE ORDERED that Plaintiff's Motion Pursuant to FRCP 59(e) to Amend or Alter Judgment (Doc. 26) is denied.

Dated this 7th day of January, 2015.

Neil V. Wake
United States District Judge